AO 472  (Rev. 09/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No.  4:20 CR 631 SEP (SRW) |
| JASON V. DRAGS, Jr. | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☒ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☒ History of alcohol or substance abuse
☒ Lack of stable employment
☒ Lack of stable residence
☒ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States

☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☒ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☒ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

**OTHER REASONS OR FURTHER EXPLANATION:**

On 10/19/2020, the undersigned held a hearing on the government's motion for pretrial detention following Defendant's initial appearance.  Pursuant to the CARES Act, Defendant agreed to appear via video conference and his attorney had the opportunity to consult with him before the hearing.  Attorneys for both parties argued their respective positions and proffered facts.  The undersigned held the record open until 5:00 P.M. on 10/22/2020 so that the parties would have time to review the Bail Report and file supplemental arguments.  The Bail Report was filed on 10/21/2020.  (ECF No. 16)  No part filed any supplement.

Pretrial Services recommends that Defendant be detained pending trial.  The undersigned adopts and incorporates by reference herein the facts (not conclusions) set out in the Bail Report.  The undersigned has considered the parties arguments and proffers.

**\*\* CONTINUED ON ATTACHED SHEET(s) \*\***

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:     10/26/2020                                          /s/ John M. Bodenhausen
                                                              UNITED STATES MAGISTRATE JUDGE

**OTHER REASONS OR FURTHER EXPLANATION:** (continued)

Defendant is charged with serious conduct involving sexual exploitation of a minor. Therefore, the government's detention motion in this case is aided by a rebuttable presumption that no condition or combination of conditions will reasonably assure Defendant's appearance as required and the safety of the community. In response to this presumption, a defendant must produce some evidence that there are conditions of release that will reasonably assure that he will not flee and will not pose a danger to the community. In this regard, however, the burden of proof remains with the government, and at all times Defendant retains his constitutional presumption of innocence. See United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) ("'In a presumption case … a defendant bears a limited burden of production—not a burden of persuasion—to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight.'") (quoting United States v. Mercedes, 254 F.3d 433, 436 (2nd Cir. 2001)). Moreover, even if a defendant meets his burden of production, "the presumption favoring detention does not disappear, but remains for consideration." Abad, 350 F.3d at 797.

Regarding the risk of flight, Defendant noted that he is on bond in a similar, but factually different, case in Jefferson County, MO. Defendant posted bond in the Jefferson County matter in early September 2020 and has incurred no violations. He is on location monitoring in the Jefferson County case. Defendant proffers that he has a viable home plan on Jennings Station Road and that plan does not involve any victims or conduct at issue in his cases. Defendant would agree not to have any contact with any alleged victim. Defendant has no felony convictions. Defendant believes home confinement, with location monitoring and computer restrictions, are sufficient for his situation. Further, Defendant proffered that he suffers from asthma and faces an enhanced risk of an adverse outcome should he become infected with the Coronavirus. Defendant denied any gang affiliation.

The government proffered specific and detailed facts and circumstances regarding Defendant's alleged conduct, including his conduct in the Jefferson County case. All told, according to the government's proffer, there are three known minor victims. In June 2020, when officers attempted to arrest Defendant on the Jefferson County conduct, Defendant resisted arrest by physically breaking free, he was verbally assaultive, and had to be Tased to be subdued for arrest. Furthermore, Defendant's girlfriend was with him at the time of his arrest and she fled the scene in a vehicle. Defendant's girlfriend is the mother of two of the alleged minor victims. According to the government, Defendant lived with his girlfriend. A 15-year old child of the girlfriend reported to police that Defendant sexually abused her multiple times and she told another victim that Defendant claimed to have had sex with other minors in the past. The children reportedly later called the police to recant. Investigators reviewed a phone of a sister of the 15-year old and found at least 10 videos of Defendant sexually abusing a minor.

The government noted that the mother of two of the victims (Defendant's girlfriend) posted his bond in Jefferson County and she is not cooperative with investigators.  The children were removed from her care but continue to have contact with their mother.  There is a motion pending to revoke Defendant's bond in Jefferson County.

The government also proffered that Defendant has posted photos on Facebook that include potential gang signs and depict him with guns with extended magazines.

The undersigned finds that Defendant did not proffer sufficient facts to rebut the presumption favoring detention insofar as it relates to dangerousness.  But even if Defendant has offered sufficient facts to fully rebut the presumption, based on the entire record before the Court, most notably the government's proffer of facts and circumstances,[1] the undersigned concludes that there is no condition, or combination of conditions, that would ensure Defendant's appearance as well as the safety of the community.

Based on the record before the Court, the undersigned concludes that the government has met its burden of proof.  There is no condition, or combination of conditions, that would reasonably ensure Defendant's appearance as well as the safety of the community.  The government's motion for pretrial detention is granted.

---

[1] Most notably, the government proffered that it had cellphone evidence depicting Defendant sexually abusing a minor victim.  The strength of the government's case appears strong.  Defendants' conduct spans two counts and multiple victims.  Defendant attempted to flee from the police this past summer.  Defendant's girlfriend and the mother of two victims fled the police and is uncooperative.  These facts alone are sufficient for the undersigned to find that the government has met its burden of proof in this particular case.