UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:20-CR-00631 SEP |
| JASON V. DRAGGS, JR., | ) |
| Defendant. | ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1.     PARTIES:**

The parties are the defendant Jason V. Draggs, Jr., represented by defense counsel Diane Dragan, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2.     GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to the amended charge of coercion and enticement of a minor in violation of Title 18, United States Code, Section 2422(b), the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's production, possession or receipt of child pornography related to minor R.C., defendant transfer of obscene material to, sexual exploitation of and enticement or coercion of minors S.C., R.C.

1

and C.T. occurring on or between April 1, 2020 and August 6, 2020, of which the Government is aware at this time.

The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The Government agrees to request a sentence of one hundred and twenty months (120) months of imprisonment followed by a period of lifetime on supervised release and applicable restitution and assessments. The parties further agree that the defendant may request any statutorily available sentence that is within or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The parties understand that the Court is neither a party to nor bound by the Guideline's recommendations agreed to in this document nor the sentencing recommendation of the parties.

The defendant knowingly and voluntarily waives any right, title, and interest in all items (including all data contained therein) seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to: all electronics, digital items and other items seized by law enforcement in the course of the investigation of the offenses giving rise to the charge and presently in the custody of law enforcement, including but not limited to an Apple i-Phone 7. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

3.  **ELEMENTS:**

The defendant admits to knowingly violating Title 18, United States Code, Section 2422(b), coercion and enticement of a minor, and admits there is a factual basis for the plea and

2

further fully understands that the elements of the crime are (1) the defendant knowingly attempted to persuade, induce, entice or coerce an individual (2) who had not attained the age of eighteen years (3) to engage in sexual activity (4) for which any person can be charged with a criminal offense and (5) did so utilizing the internet, a means of interstate and foreign commerce.

**4.     FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Between the dates of April 1, 2020 and May 9, 2020, the defendant, aged 22 years, was the live-in boyfriend of T.R., aged 46 years. T.R. had two minor daughters, S.C., aged 15 years, and R.C., aged 14 years, who also resided with the defendant and T.R. in their residence in Jefferson County, Missouri. C.T., aged 14 years, was a friend of R.C. who spent the night at the residence of the defendant, T.R., S.C. and R.C. in Jefferson County, Missouri in early May of 2020. Between April 1, 2020 and May 9, 2020, the defendant communicated with S.C., R.C. and C.T. using internet-based communications including social media applications such as Snapchat. During these communications, the defendant knew that S.C. was 15 years of age and that R.C. and C.T. were 14 years of age. During these communications, the defendant requested, persuaded, induced and enticed S.C., R.C. and C.T. to send him nude images and engage in sexual contact with him. Such nude images and sexual contact and requests therefor are unlawful under the laws of the State of Missouri.

In early May of 2020, while C.T., aged 14 years, was spending the night with R.C., the defendant approached C.T. with his penis exposed and asked C.T. to perform oral sex on him. C.T. refused. Also during early May of 2020, the defendant communicated with C.T. via the

internet-based social media application Snapchat. Via Snapchat the defendant sent C.T. multiple images of his naked exposed penis. The defendant requested and received multiple images of the breasts of C.T. and one or more images of the buttocks of C.T. The defendant requested that C.T. send him images of her vagina, but C.T. refused. The defendant knew during these communications that C.T. was 14 years old. C.T. disclosed these events to her family who contacted law enforcement on May 8, 2020. On that date, law enforcement took over the Snapchat account of C.T. and engaged in further communications with the defendant who believed he was still communicating with 14-year old C.T. During those communications on May 8, 2020, the defendant sent the undercover officer who he believed to be C.T. a further naked image of his penis via Snapchat. Subsequently, law enforcement located the image of the defendant's penis that was sent to the undercover officer on the defendant's Apple i-Phone cellular telephone.

R.C., aged 14 years, was interviewed by law enforcement on May 9, 2020, and was interviewed by the Children's Advocacy Center of East Central Missouri on May 22, 2020. On each occasion, R.C. denied any sexual contact between herself and the defendant and denied any sexual communications, images or videos were exchanged between herself and the defendant. Notwithstanding her denials, the defendant on or between the dates of about April 1, 2020 to May 9, 2020, while knowing R.C. was 14 years old, engaged in multiple sexual acts with R.C. to include genital to genital contact and mouth to genital contact. Multiple videos were produced of this sexual contact between the defendant and R.C. and were exchanged and stored via the internet-based social media application Snapchat. On May 9, 2020, as confirmed by law enforcement, the defendant possessed on his Snapchat account and on his Apple i-Phone cellular telephone three videos depicting R.C. performing oral sex on the defendant. Law enforcement

further determined that there were ten videos of sexual contact between R.C. and the defendant that were stored on R.C.'s Snapchat account, including videos that depicted genital to genital contact and mouth to genital contact between the defendant and R.C. Between the dates of April 1, 2020 and May 9, 2020, the defendant communicated with R.C. via internet-based communications to persuade, induce and entice her to engage in the aforementioned acts of sexual contact and to produce videos thereof.

Between the dates of April 1, 2020 and May 9, 2020, the defendant communicated with S.C. via internet-based communications in a sexual manner and requested sexual acts of her during those communications. The defendant and S.C. exchanged nude images of one another during these communications. The defendant was aware that S.C. was 15 years old during these communications.

On June 25, 2020, the defendant had outstanding warrants form Jefferson County for sexual misconduct with a child under 15 and enticement of a child stemming from the investigation involving S.C., R.C. and C.T. On that same date, St. Louis Metropolitan Police Department officers attempted to make an arrest of the defendant in the area of the Lumiere Casino in downtown St. Louis. At the time, the defendant was speaking with T.L., the mother of S.C. and R.C. T.L. was occupying a Nissan Altima sedan and the defendant was standing next to the driver's side door speaking with T.L. An officer approached the defendant and informed him that he was under arrest. When the officer took the defendant's arm to place him in handcuffs, the defendant pulled away and fled the scene. The officers chased the defendant and deployed a taser. The officers were then able to effectuate the arrest of the defendant, however the defendant continued to resist arrest by refusing to place his arms behind his back as requested.

When asked for his name, the defendant lied and gave the officers a false name and a false date of birth.

The Internet was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The Internet is a means and facility of interstate and foreign commerce.

5.  **STATUTORY PENALTIES:**

The defendant fully understands that the possible penalty provided by law for the crime of coercion and enticement of a child, to which the defendant is pleading guilty, is imprisonment for a period of not less than ten years and not more than life, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than five years nor more than life. **The defendant fully understands that the crime to which a guilty plea is being entered, Title 18, United States Code, Section 2422(b), requires a mandatory minimum term of imprisonment of at least ten years**.

Pursuant to Title 18, United States Code, Section 2259, defendant fully understands that, in addition to other civil or criminal penalties provided by law, the Court shall order restitution directing the defendant to pay R.C., S.C. and C.T. (through appropriate Court mechanism) the full amount of R.C.'s, S.C.'s and C.T.'s losses as determined by the Court that were incurred or are reasonably projected to be incurred by R.C., S.C. and C.T.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to offenses under

Chapter 117 (related to transportation for illegal sexual activity and related crimes, including, but not limited to, 18 U.S.C. 2422(b)).

Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

6.     **U. S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

A.     **Offense Conduct:**

(1)     **Coercion and Enticement of a Child:**

a.     **Chapter 2 Base Offense Level**: The parties agree that the base offense level is 32, as found in Section 2G2.1(a) as per 2G1.3(c)(1).

b.     **Chapter 2 Specific Offense Characteristics**: The parties agree that the following Specific Offense Characteristics apply:

(i) two levels should be added pursuant to section 2G2.1(b)(1)(B) because the offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years;

(ii) two levels should be added pursuant to section 2G2.1(b)(2)(A) because the offense involved the commission of a sex act or sexual contact;

7

(iii) four levels should be added pursuant to section 2G2.1(b)(4) because the offense involved material that portrays sadistic or masochistic conduct; and

(iv) two levels should be added pursuant to section 2G2.1(b)(6)(B) because the offense involved the use of a computer or an interactive computer service to persuade, entice or coerce a minor to engage in sexually explicit conduct or to otherwise solicit participation by a minor in such conduct.

B. **Chapter 3 Adjustments:**

(1) The parties agree that the offense level of forty-two (42) is applicable as calculated above and pursuant to Sections 2G1.3(d)(1), 2G2.1(d)(1), 3D1.2 and 3D1.3, as the parties agree that grouping is not appropriate as the offense of the Information involved exploitation of more than one minor.

a. **Combined Offense Level**: The parties agree that three levels should be added pursuant to Section 3D1.4 and that the combined offense level is forty-five (45).

(2) The parties further agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the Government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

D.  **Chapter 4 Adjustments:**

(1)  The Government argues that five levels should be added pursuant to Section 4B1.5(b) as the defendant's instant offense is an offense perpetrated against a minor under Chapter 117 of Title 18 of the United States Code and the defendant engaged in a pattern of activity involving prohibited sexual conduct. The defendant reserves the right to argue that Section 4B1.5(b) does not apply.

E.  **Estimated Total Offense Level:** The parties estimate that if Section 4B1.5(b) is found to apply, then the Total Offense Level is forty-seven (47) and, as per Section 5A Application Note 2, should be treated as Offense Level forty-three (43). If Section 4B1.5(b) is found not to apply, the parties estimate that the Total Offense Level is forty-two (42).

F.  **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

G.  **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7.     **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

   a.     **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

   (1)     **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

   (2)     **Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range or to the statutory minimum sentence, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues provided the Court accepts the plea and sentences the defendant within the statutorily-available range of punishment.

   b.     **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

   c.     **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be

sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.    OTHER:**

    a.    **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

    b.    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

    c.    **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the

11

length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

      d.    **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. § 2252A(a)(2)) and Chapter 117 (related to transportation for illegal sexual activity and related crimes, including, but not limited to, 18 U.S.C. 2422(b)).

      e.    **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

      f.    **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A, an order of restitution is mandatory for all crimes listed in Sections 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and the amount of loss agreed to by the parties, including all

relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the Indictment and Information without regard to the count or counts to which the defendant has agreed to plead guilty.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state

13

sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

Defendant knowingly and voluntary waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eight Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has

completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

| | |
|---|---|
| 10/12/21 | *Jillian S. Anderson* |
| Date | Jillian S. Anderson #53918MO |
| | Assistant United States Attorney |
| | |
| 10-6-21 | *[signature]* |
| Date | Jason V. Draggs, Jr. |
| | Defendant |
| | |
| 10/6/21 | *[signature]* |
| Date | Diane Dragan |
| | Attorney for Defendant |

16